IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERINI STALDER, ) | |
| ) | Case No. CV-05-399-E-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER** |
| ) | |
| FRED MEYER STORES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## INTRODUCTION

The Court has before it Defendant Fred Meyer Stores, Inc.'s ("Fred Meyer") Motion for Summary Judgment (Docket No. 24) and Fred Meyer's Motion to Strike Portions of the Affidavit of Erini Stalder (Docket No. 32). The Court heard oral argument on the motions on February 13, 2007 and now issues the following decision.

## BACKGROUND

Erini Stalder was employed by Fred Meyer in Pocatello, Idaho from July 1983 until February 17, 2004. On February 14, 2004, Stalder purchased a Valentine's cake from Fred Meyer for half price. Fred Meyer policy provides that bakery items can be reduced to one-half price on the date reflected on the price

**Memorandum Decision and Order** - 1

label as the shelf-life expiration date.  When an item is reduced to half-price, it is placed on a mark-down rack where customers or employees can purchase it for half-price during the remainder of that day.

The price label on the cake which Stalder bought had a February 14, 2004 expiration date.  However, upon investigation, Store Manager Ryan Rushton discovered a February 15 price label under the February 14 label.  Rushton questioned Stalder about the second label and then terminated her after determining that she personally placed the February 14 label over the February 15 label so that she could purchase the cake for half-price.

On the same day that Stalder purchased the half-price cake, two male workers at the same Fred Meyer store received unauthorized price reductions on merchandise they purchased.  After working his shift, Kevin John Lewis purchased several items, including a floral arrangement.  The cashier assisting him with the purchase did not charge him for one of his items –  a vase.  That same cashier also failed to charge Ben England for one of two sprays (bunches) of flowers that were created for him.  Fred Meyer conducted an investigation into the two men and issued them written disciplinary notices.  Fred Meyer did not terminate them, however.

**Memorandum Decision and Order** - 2

# ANALYSIS

## I. Summary Judgment Standard

The party moving for summary judgment has the burden of proving the absence of any genuine issue of material fact that would allow the entry of judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings. *Id.* Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is

**Memorandum Decision and Order** - 3

not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu,* 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir.2001) (quoting *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana,* 336 F.3d 885, 889 (9th

**Memorandum Decision and Order** - 4

Cir. 2003).

## II. IHRA Claim

Stalder admits that she filed her IHRA claim late and that it is therefore barred as a matter of law. Accordingly, the Court will dismiss Stalder's IHRA claim.

## III. Title VII Claim

The proper framework for determining whether Stalder's gender discrimination claim should survive summary judgment is the familiar burden-shifting scheme set out in *McDonnell Douglas Corp. V. Green*, 411 U.S. 792 (1973). Under *McDonnell Douglas*, Stalder must first establish a *prima facie* case of discrimination by showing that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) similarly situated men were treated more favorably or her position was filled by a man. See *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002). It is important to remember that the requisite degree of proof necessary to establish a *prima facie* case for Title VII discrimination on summary judgment is minimal and does not even rise to the level of a preponderance of the evidence. *Id.*

If Stalder establishes a *prima facie* case, the burden shifts to Fred Meyer to articulate some legitimate, nondiscriminatory reason for the challenged action. *Id.*

**Memorandum Decision and Order** - 5

at 1064. If Fred Meyer meets its burden, Stalder must then show that the articulated reason is pretextual either through direct evidence of discriminatory intent or circumstantial evidence showing that Fred Meyer's proffered explanation is unworthy of credence. *Id.* If Stalder relies on circumstantial evidence to show pretext, the evidence must be both specific and substantial. *Id.*

### A.  Prima Facie Case

Fred Meyer does not dispute that Stalder meets her minimal burden with respect to the first three elements of a prima facie case of gender discrimination. Stalder is a woman, she has over twenty years of experience at Fred Meyer, and she was terminated. The question is whether similarly situated men were treated more favorably than her.

The Ninth Circuit has stated that "individuals are similarly situated when they have similar jobs and display similar conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2001). "Employees in supervisory positions are generally deemed not to be similarly situated to lower level employees." *Id.* Attempting to clarify the law on similarly situated individuals in the Ninth Circuit, one district court, interpreting *Vasquez* and other Ninth Circuit opinions in the context of a racial discrimination claim, recently concluded that the "ultimate question that is informed by the similarly situated analysis is whether there is a

**Memorandum Decision and Order** - 6

basis for inferring discriminatory motive: Does the purported purpose of the challenged action require similar treatment of the two employees or does it justify different treatment due to differences in their status or situation rather than race?"[1] *Bowden v. Potter*, 308 F.Supp.2d 1108, 1117 (N.D. Cal 2004). In *Bowden*, the court suggested that the issue of similarly situated status is therefore fact specific, not subject to a mechanical or formulaic approach. *Id.*

In this case, taking the facts in the light most favorable to Stalder, the Court finds that Stalder has met her minimal burden of establishing that similarly situated men were treated more favorably. Stalder was a sales clerk in the bakery department of Fred Meyer. Lewis and England, the two individuals with whom Stalder claims to have been similarly situated, were the manager of the garden center and an employee in the home department, respectively, at the same Fred Meyer store. Although Lewis held a managerial position, the Court finds that a jury could conclude that Stalder, England and Lewis had similar jobs because all three were subordinate to the same store manager, and all three were subject to the same store policies.

A jury could also conclude that the three displayed similar conduct. Each of

---

[1] It is reasonable to assume the court would use the same test in a gender discrimination case by simply replacing the word "race" with "gender."

**Memorandum Decision and Order** - 7

them violated the same or similar store policy by improperly receiving discounted merchandise from Fred Meyer. As the district court in *Bowden v. Potter*, 308 F.Supp.2d 1108, 1117 (N.D. Cal 2004), cognizant of *Vasquez*, stated, "an employee who physically assaults a co-worker is similarly situated to a supervisor who engages in similar conduct," and "[a] worker in the sales department who steals company property is similarly situated to one who works in customer service and commits the same act. . . . In the above examples, the fact that one employee is a supervisor or works in a different department is irrelevant to the purpose of the discipline." *Id.*

Finally, the fact that Stalder was terminated, but England and Lewis were only issued written disciplinary notices, is an indication of more favorable treatment on the part of the male employees. Stalder has therefore met her minimal burden of establishing a *prima facie* claim of gender discrimination.

**B.    Legitimate, Nondiscriminatory Reason for Termination**

The burden shifts to Fred Meyer to articulate some legitimate, nondiscriminatory reason for Stalder's termination. *See Villiarimo*, 281 F.3d at 1062. Fred Meyer states that it terminated Stalder because she placed a reduced price label on the cake and purchased it for one-half price in violation of Fred Meyer policy. There is no dispute that Stalder placed the reduced price label on

**Memorandum Decision and Order** - 8

the cake and purchased it. (Allen Dec., Exhibit A, p. 33, 40 Docket No. 24). It is also undisputed that a Fred Meyer employee may be terminated without prior warning for giving or receiving unauthorized price discounts. (Allen Dec., Exhibit C, p. 18-19). Fred Meyer has therefore met its burden of articulating a legitimate, nondiscriminatory reason for terminating Stalder.

### C.     Pretext

To survive summary judgment, Stalder must therefore show that Fred Meyer's articulated reason is pretextual either through direct evidence of discriminatory intent or circumstantial evidence showing that Fred Meyer's proffered explanation is unworthy of credence. *See Villiarimo, 281 F.3d at 1062*. Stalder fails to offer any evidence of discriminatory intent, but she suggests that Fred Meyer's explanation is unworthy of credence. Accordingly, Stalder's evidence must be both specific and substantial. *Id.*

Stalder relies heavily on the Human Rights Investigator's Report and Commission's Determination ("Investigator's Report"), which found probable cause to believe Fred Meyer engaged in unlawful discrimination. In *Gifford v. Atchison, Topeka And Santa Fe Ry. Co., 685 F.2d 1149 (9th Cir. 1981)* the Ninth Circuit found that an EEOC report was sufficient to create an issue of fact on whether a female employee was treated different from two male employees.

**Memorandum Decision and Order** - 9

However, in a more recent opinion, the Ninth Circuit found that an EEOC reasonable cause determination did not create a genuine issue of material fact on an age discrimination claim. See *Coleman v. Quaker Oats Co.*, 232 F.3d 1271 (9th Cir. 2000). The court stated that "[a]n EEOC letter is a highly probative evaluation of an individual's discrimination complaint," and should be admitted into evidence. *Id*. at 1283. "Such letters, however, are not homogeneous products; they vary greatly in quality and factual detail." *Id.* The court went on to determine that the EEOC letter in *Coleman* stated simply that The Commission's investigation finds reasonable cause to believe that Quaker violated the ADEA, and it was impossible from this letter to know what facts the EEOC considered and how it analyzed them. *Id*. at 1284. The court noted that in examining similarly conclusory EEOC letters, other circuits concluded that when the letters only report bare conclusions, they have little probative value. *Id.*

In this case, the Investigator's Report contains more than bare conclusions. It is a fairly detailed report, explaining what facts the commission considered and how it analyzed them. (See Kress Dec., Ex. A, Docket No. 29). It is therefore probative and this Court will consider the facts, analysis and findings contained in the report.

Significantly, the Investigator's Report found that, on the one hand, although

**Memorandum Decision and Order** - 10

the male employees broke Fred Meyer policy forbidding employees from giving or receiving unauthorized discounts, Fred Meyer considered the male employees' shift length and intent in deciding not to terminate them.  On the other hand, the Investigator's Report found that Fred Meyer considered only the policy, not shift length or intent, in deciding to terminate Stalder.  Moreover, this information is supported by store manager Ryan Rushton's deposition testimony.  (Kress Dec., Ex. C, p. 19, 21, Docket No. 29).

Based on this evidence, a jury could conclude that although both Stalder and the male employees could have been terminated based on store policy alone, Fred Meyer terminated only Stalder, the female employee.  The Court therefore finds that Stalder has met her burden of providing sufficient evidence to create a genuine issue of material fact as to whether Fred Meyer's articulated reason for terminating her is pretextual.  Accordingly, the Court will deny summary judgment on Stalder's gender discrimination claim.

**IV.    Breach of the Implied Duty of Good Faith and Fair Dealing and/or Public Policy in Employment Claim.**

In Count Two of the Complaint, Stalder alleges that Fred Meyers' "failure to continue to employee [sic] the Plaintiff and not afford her the same opportunities as the male employee was motivated by bad faith and malice, and breached the covenant of good faith and fair dealing." (Complaint, p. 9, Docket No. 1).  The

**Memorandum Decision and Order** - 11

implied-in-law covenant of good faith and fair dealing exists in all employment relationships, including employment at-will relationships.  *See* *Sorensen v. Comm Tek, Inc.*, 799 P.2d 70, 75 (Idaho 1990); *see also* *Mitchell v. Zilog, Inc.*, 874 P.2d 520, 526 (Idaho 1994).  "A breach of the employment covenant is a breach of the employment contract, and is not a tort.  The potential recovery results in contract damages, not tort damages."  *Metcalf v. Intermountain Gas Co.*, 778 P.2d 744, 748 (Idaho, 1989).  Moreover, "the covenant protects the parties' benefits in their employment contract or relationship, and . . . any action which violates, nullifies or significantly impairs any benefit or right which either party has in the employment contract, whether express or implied, is a violation of the covenant . . . ."  *Id.* at 749.

The Complaint does not expressly assert a violation or impairment of a benefit in her employment relationship with Fred Meyer.  However, it would seem that termination of employment would be the ultimate impairment of an employment relationship.  But, in asserting that the basis of this claim is Fred Meyer's "bad faith and malice," Stalder runs squarely into the Idaho Supreme Court's warning that whether a violation of the covenant exists is not tied to the "amorphous concept of bad faith."  *Id.* at 750.  Clearly, Stalder cannot present this claim to the jury based solely upon her contention that Fred Meyer was motivated by bad faith or malice towards her.

**Memorandum Decision and Order - 12**

However, it seems apparent that treating a similarly-situated employee differently, based upon her gender, "violates, nullifies or significantly impairs" a benefit or right which she has in their employment contract, and would therefore violate the implied covenant of good faith and fair dealing. The Court was unable to find an Idaho case which specifically holds that the termination of an employee for reasons related to their gender, race, or national origin violates the implied covenant of good faith and fair dealing. However, the Court is convinced that the Idaho courts would, if faced with that specific question, reach the same conclusion reached here.

The Court also finds significant that the caption to Count Two of Stalder's Complaint – which reads "Breach of Implied Duty of Good Faith and Fair Dealing and/or Public Policy in Employment Contract" – indicates that the claim asserted is not only that Fred Meyer's conduct violated the implied covenant of good faith and fair dealing, but that it also constituted a termination for reasons which violated public policy. The Idaho courts have recognized a public policy implied-in-law covenant in employment contracts, so that

> an employer may be liable for wrongful discharge [of an employee at will] when the motivation for discharge contravenes public policy. The public policy exception has been held to protect employees who refuse to commit unlawful acts, who perform important public obligations, or who exercise certain legal rights or privileges.

**Memorandum Decision and Order** - 13

*Sorensen v. Comm Tek, Inc.*, 799 P.2d 70, 74 (Idaho 1990) (internal citations omitted). Again, the Court is satisfied that a termination for reasons related to an employee's gender would be recognized by the Idaho courts as a termination in violation of public policy sufficient to support an employee-at-will's breach of contract claim.

For the foregoing reasons, the Court will deny summary judgment on Count Two.

## V.     Intentional Infliction of Emotional Distress Claim

In order to state a claim for intentional infliction of emotional distress, Stalder must show that (1) Fred Meyer's conduct was intentional or reckless; (2) the conduct was extreme or outrageous; (3) there was a causal connection between the wrongful conduct and her emotional distress; and (4) the emotional distress was severe. See *Edmondson v. Shearer Lumber Products*, 75 P.3d 733, 740 (Idaho 2003). To be extreme or outrageous, conduct has to be more than simply objectionable or unreasonable. See *Alderson v. Bonner*, 132 P.3d 1261, 1268 (Idaho App. 2006). "Even if a defendant's conduct is unjustifiable, it does not necessarily rise to the level of 'atrocious' and 'beyond all possible bounds of decency' that would cause an average member of the community to believe it was 'outrageous.'" *Edmondson*, 75 P.3d at 741.

**Memorandum Decision and Order - 14**

Stalder fails to provide evidence that Fred Meyer's conduct was extreme or outrageous, or that her emotional distress was severe. Although terminating Stalder may be considered objectionable and unreasonable, it simply cannot be regarded as atrocious or beyond all possible bounds of decency that would cause an average member of the community to believe it was outrageous. Additionally, allegations of depression, headaches, nausea and crying because one no longer works for her previous employer is not severe emotional distress, especially where Stalder already suffered from some form of depression prior to her termination. Liability only results when emotional distress is so severe that no reasonable person could be expected to endure it. *See* Davis v. Gage, 682 P.2d 1282, 1288 (Idaho App. 1984). That is not the case here. Accordingly, the Court will grant summary judgment on Stalder's intentional infliction of emotional distress claim.

## VI.   Negligent Infliction of Emotional Distress Claim

To establish a claim for negligent infliction of emotional distress "there must be both an allegation and *proof* that a party claiming negligent infliction of emotional distress has suffered a physical injury, i.e., a physical manifestation of an injury *caused* by the negligently inflicted emotional distress." Cook v. Skyline Corp., 13 P.3d 857, 865-66 (Idaho 2000) (emphasis in original, internal quotations omitted). Thus, the question is whether Stalder has presented facts supporting her

**Memorandum Decision and Order - 15**

claim that Fred Meyer's actions caused her injury which is manifest by physical symptoms.

Assertions in a complaint of a manifestation of a physical injury are sufficient to raise an issue of fact, which requires a trial on the issue, so long as the allegations do not require expert testimony. *Cook*, 13 P.3d at 866. Although Stalder does not assert physical manifestations in her complaint, she did attach her affidavit, which includes allegations that after she was terminated she suffered sleeplessness, nausea and headaches. (Kress Dec., Ex. E, ¶ 8, Docket No. 29). Allegations in a sworn affidavit are a more than adequate substitute for the allegations of a complaint. Moreover, Stalder's allegations do not require expert testimony. Accordingly, the Court will deny the motion for summary judgment on Stalder's claim for negligent infliction of emotional distress.

## VII.  Motion to Strike

The Court will deem moot Fred Meyer's Motion to Strike because the Court did not rely on any evidence which Fred Meyer sought to strike for purposes of denying the motion for summary judgment.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Fred Meyer's Motion for Summary Judgment (Docket No. 24) shall be, and the same is hereby,

GRANTED in part and DENIED in part. The Court will dismiss Stalder's IHRA claim and intentional infliction of emotional distress claim. The Court will deny the motion for summary judgment as to Stalder's Title VII gender discrimination claim, breach of the implied duty of good faith and fair dealing and/or public policy in employment claim, and negligent infliction of emotional distress claim.

IT IS FURTHER ORDERED that Fred Meyer's Motion to Strike Portions of the Affidavit of Erini Stalder (Docket No. 32) shall be, and the same is hereby, DEEMED MOOT.

IT IS FURTHER ORDERED that the Clerk of the Court shall set this case for a status conference for the purpose of setting the case for trial.

DATED:  **March 30, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge